IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In the matter of:<br><br>ACOSTA WATER SPORTS, INC.<br>For Exoneration From or Limitation of Liability as Owner of the vessel Yamaha VXC, Hull No. YAMA 1338 B525 | CIVIL NO.<br><br>In Admiralty<br>28 USC § 1333, 46 USC §§ 30501-30502, Supplemental Rule F |

**COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

**TO THE HONORABLE COURT:**

**NOW COMES,** plaintiff-petitioner Acosta Water Sports, Inc. ("Acosta Water Sports") ("Owner"), as owner of the vessel Yamaha VXC, Hull No. YAMA 1338 B525 ("Vessel"), through the undersigned attorneys, and respectfully states, alleges and prays as follows:

### I.   JURISDICTION

1.   This is an admiralty and maritime jurisdiction case. This Honorable Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1333, and the action is within the meaning of Rule 9 (h) and Supplemental Rule F of the Federal Rules of Civil Procedure.

2.   This *Complaint* is within the venue of this Court pursuant to Supplemental Rule F (9) of the Federal Rules of Civil Procedure, as the vessel upon which the instant *Complaint* is premised is within this Judicial District.

### II.   PARTIES

1

3. At all times material to this action, Acosta Water Sports was and is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico, registry number 84037, with principal place of business in Isla Verde, Puerto Rico.

4. At all times material to this action, the Owner was and is the owner of the Vessel and all of its parts, including but not limited to its engine, and was and is the owner of said Vessel within the meaning of 46 U.S.C. §§ 30501-30502.

### III.    FACTS

5. At all times material to this action, the Vessel is a jet-ski with the HIN PR-8222-AD.

6. During the pendency of this action, the Vessel is located in the District of Puerto Rico.

7. This District Court has jurisdiction over the Owner and the subject Vessel, and under Supplemental Rule F (9), venue is proper in the United States District for the District of Puerto Rico.

8. At all times material to this action, the Owner exercised due diligence to make and maintain the Vessel seaworthy and fit and proper in all respects for the service in which it was engaged.

9. At all times material to this action, the Vessel was in all respects seaworthy and properly and efficiently supplied, equipped, and furnished, including but not limited to suitable machinery and appliances, which were all in good order and condition and suitable for the purpose for which they were employed.

10. Shahryar Hakimi alleges that on June 18, 2025, he was struck by a jet-ski owned by the Owner whilst he was swimming in a protected area at the Fairmont Hotel beach in Isla Verde, Carolina.

11. On August 22, 2025, Mr. Hakimi and his spouse, Bahar F. Dowlatshahi (jointly, "Claimants"), notified an extrajudicial claim to the Owner based on the accident described in the preceding paragraph ("Extrajudicial Claim"). Claimants allege that the Owner failed to exercise proper care and that its staff responded to the aforementioned accident in a negligent manner. Claimants allege that, as a result of the referenced incident, Mr. Hakimi suffered skull and forehead lacerations, a cervical fracture and emotional trauma, and has been subjected to medical treatment. Additionally, they aver that Ms. Dowlatshahi also suffered emotional trauma as a result of the incident.

12. The aforesaid accident and the resulting losses, damages, injuries and expenses, if any, were neither caused nor contributed to by any fault or negligence on the part of the Owner or anyone whose acts it is or may be responsible for. On the contrary, it was caused solely by the fault and negligence of parties whose actions the Owner is not responsible for and/or or conditions beyond the Owner's control and knowledge.

13. The Owner specifically denies any and all liability for any claims for loss, damage, injury, or expenses arising out of or occurring on the voyage aboard the Vessel that is the subject of the instant *Complaint* and avers that it has valid defenses to any and all such claims. The Owner desires to contest its liability for any such claims and show that it is entitled to a decree exonerating it and the Vessel in question from liability.

14.     The Owner further avers that any and all losses, damages, injuries and expenses as aforesaid were done, occasioned, and incurred without fault on its part and without its privy or knowledge, actual or imputed. However, should this Honorable Court adjudge that the Owner is liable to any extent, it claims the benefit of the limitation of liability provided in 46 U.S.C. §§ 30501-30502 and all statutes and rules amendatory thereof and supplementary thereto.

15.     The Owner will give proper notice of this action to the Claimants and their attorney.

16.     So far as is known to the Owner, other than the Extrajudicial Claim, there are no demands, unsatisfied liens, or claims of lien against the Vessel arising out of the voyage and/or the incident that is the subject of the Claimants' Extrajudicial Claim.

17.     This *Complaint* is filed within six (6) months of the date on which the Owner first received copy of the Extrajudicial Claim, which is the only demand or claim ever received regarding the aforesaid voyage and/or incident.

18.     As owner of the Vessel on June 18, 2025, the Owner claims exoneration from or limitation of liability for any and all losses, damages, injuries or expenses arising out of or occurring as a result of the accident that is subject of this *Complaint* and the Extrajudicial Claim, and for any and all claims that have already been made or that are made hereafter. The Owner further alleges that it has valid defenses on the merits for any and all such claims.

19. The Owner specifically alleges that the liability of its insurers and underwriters, if any, shall not exceed the limits set forth in the corresponding insurance policy.

20. The Owner asserts that on June 18, 2025, the date of the accident this action arises from, the Vessel was valued at $10,720.00 or less, and it will file an affidavit of value to that effect.

21. The Owner knows of no reason or fact to suggest that the value of the subject Vessel has increased.

22. The Vessel was not lost or damaged as a result of the subject incident. Accordingly, following said accident, it was valued at no more than $10,720.00.

23. The Owner further asserts that the value of its interest in the Vessel at the end of the voyage that is the subject of this *Complaint* did not exceed $10,720.00.

24. If it later appears that the Owner is or may be liable and the amount or value of its interest on the Vessel does not suffice to pay all losses in full, claimants shall share *pro rata* in said sum, saving to claimants any rights or priority they may have as ordered by this District Court, or as provided by the above statutes and rules, and by the rules and practices of this District Court.

25. The Owner shall offer and file a Letter of Undertaking for the aggregate amount of its interest in the Vessel at the termination of the voyage that is the subject of this *Complaint* with interest at the rate of six percent (6%) *per annum* from the filing date, and for all costs.

26. The contents of this *Complaint* are true and correct and within the admiralty and maritime jurisdiction of the United States and of this District Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE,** Acosta Water Sports, Inc. respectfully prays that the Honorable Court grant the instant *Complaint* and enter a decree as follows:

i. Approving the Owner's Letter of Undertaking in the amount of $10,720.00 as well as $1,000.00 for Court costs as sufficient security for the amount or value of its interest in the Vessel on June 18, 2025, for purposes of these proceedings;

ii. Enjoining the further prosecution of any and all lawsuits already commenced, including but not limited to the Extrajudicial Claim, and the commencement or prosecution of any and all subsequent lawsuits of any nature or description whatsoever, in any jurisdiction, and the taking of any steps and the making of any motions in such actions against the Owner or any of its property, including but not limited to the Vessel, or against the Owner's insurers and underwriters, except in this action, to recover damages for or with respect to any loss, damage, injury or expense arising out of or connected with the incident involving the Vessel that occurred on June 18, 2025 and is the subject of this *Complaint*, until the hearing and determination of this proceedings;

iii. Causing a Notice to be issued to all persons, firms, and corporations having or alleging to have claims by reasons of the matters and happenings recited above admonishing them to appear and file their claims with the Clerk of this District Court, on or before a date to be fixed by the Honorable Court and as specified in the Notice, or be forever barred and permanently enjoined from making or filing any such claims, and also to answer, all and singular, the allegations of this *Complaint*;

iv. Adjudging that the Owner, its insurers and underwriters, and the Vessel object of this *Complaint*, are not liable for any damages, demands, or claims whatsoever in consequence of, arising out of or otherwise connected with the matters recited herein, or

v. In the alternative, if this Honorable Court should adjudge that the Owner or their insurers or underwriters are liable to any extent, that the District Court adjudge that their liability shall be limited to the amount of the Owner's interest in the Vessel at the time of the end of the voyage that is the subject of this *Complaint*, as per 46 U.S.C. §§ 30501-30502, and in that event, that the amount representing the value of the Owner's interest in the Vessel be divided *pro rata* among the claimants having made due proof of their respective claims; and decreeing a discharge to the Owner and its insurers and underwriters of and from any and all further liability; and forever enjoining and

   restraining the filing and prosecution of any claims or suits against the Owner or its insurers or underwriters, in consequence of or arising out of or connected with the matters and happenings recited in this *Complaint*; and

vi. Ordering that the Owner has such other and further relief as may be just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 8th day of December, 2025.

        **SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, P.S.C.**
        166 Avenida de la Constitución
        San Juan, PR 00901
        Tel: (787) 289-9250
        Fax: (787) 289-9253
        E-mail: icarvajal@scvrlaw.com
        fsabater@scvrlaw.com
        cfontanet@scvrlaw.com

        s/*Ian P. Carvajal*
        Ian P. Carvajal, Esq.
        Bar Number: 212003

        s/*Fernando Sabater-Clavell*
        Fernando Sabater-Clavell, Esq.
        Bar Number: 228003

        s/*Carolene Fontanet Smith*
        Carolene Fontanet Smith, Esq.
        Bar Number: 302701